MARGARET A. CRESS *v.* J. B. MONTGOMERY & Co.

**Mechanics' Liens—Fraudulent Conveyance After Work Begun.**

     At the time the improvements were commenced the legal title was in the husband, who retained it until after the greater part of the materials and the most of the work had been done.

     **Held,** that a conveyance to the wife could not defeat the lien.

APPEAL FROM LOUISVILLE CHANCERY COURT.

April 23, 1872.

OPINION OF THE COURT BY JUDGE PETERS:

There is a strange conflict of evidence on the subject of the contract with appellees for the improvements, to coerce the payment for which this suit was brought, and but for a few controlling facts about which there can be no controversy, a satisfactory conclusion would scarcely be possible. One is that at the time the improvements were commenced the legal title to the lots was certainly in Henry Cress, the husband, who retained it until after the greater part of the materials were furnished, and the most of the work had been done. Another one is that while the work was being done no witness has proved that Mrs. Cress gave the building any attention, or even saw what was doing.

Montgomery conveyed the property on the Shelby street plank road to Mrs. Cress in August, 1864. She and her husband conveyed the same property to Isaac Abram in November, 1865, for $6,000, and the lot on which these improvements were made was conveyed to Henry Cress by Mrs. M. L. Tyler in September, 1865, before the sale, or at least before the conveyance was made to Abram. And if her money was invested in the lot purchased from Mrs. Tyler the failure to have the conveyance made directly to her in the first place is a remarkable omission, and wholly unaccounted for. And then the conveyance is made to her brother by herself and husband after he, according to her theory, was from mental imbecility wholly incompetent to make a valid deed.

The materials were furnished, and the improvements made on the lot, and according to the uncontradicted evidence the amount charged therefor was reasonable, and customary. And the judgment must be *affirmed*.

*Elliott, for appellant.*

*Jno. C. Spencer, for appellee.*